**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL JOHNSON, | Civil Action No.: 10-3742 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| PERFORMANCE FOOD GROUP | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss Plaintiff's Complaint filed by Defendant AFI Foodservice, LLC (incorrectly pleaded as "Performance Food Group") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted and Plaintiff's claim is dismissed without prejudice.

**I.  BACKGROUND**

Plaintiff Daniel Johnson filed the instant action on July 23, 2010. (Compl. at 1). Plaintiff alleges only that:

> "I was subjected to racial discrimination on the job[.] I put in a complaint about it to management. I believe I was discharged in retaliation for complaining about discrimination on the job." Id.

Plaintiff seeks reinstatement, back pay, and $750,000 in punitive damages. Id. On October 6, 2010, AFI moved to dismiss Plaintiff's complaint in its entirety. (Def's Br. at 1). Although Plaintiff did not submit any formal opposition to Defendant's motion, on October 22, 2010,[1] Plaintiff submitted a "Motion to Amend Complaint,"[2] which this Court construes as opposition to Defendant's Motion.

## II.   LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322

---

[1] The Court recognizes that Plaintiff's filing was untimely; however, in light of Plaintiff's *pro se* status, this Court considers Plaintiff's submission, and accordingly, Defendant's Reply.

[2] Pursuant to Federal Rule of Civil Procedure 15(a), prior to this opinion, Plaintiff did not need leave to amend his complaint as neither party had filed a responsive pleading in this action. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required, 21 days after service of a pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

(3d. Cir. 2008) (quoting Twombly, 550 U.S. at 556).

While the "proscriptions of Rule 8 apply to all Plaintiffs, when a Plaintiff is proceeding *pro se*, the court must construe the complaint liberally." Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004). Further, a court should not dismiss a *pro se* complaint with prejudice without granting leave to amend, unless it finds bad faith, undue delay, prejudice, or futility. See Grayson v. Mayview State Hospital, 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III. DISCUSSION

#### A. Failure to State a Claim

Although *pro se* plaintiffs are often held to less stringent standards than those represented by counsel, a complaint must be dismissed where the plaintiff has failed to provide any facts in support of the claim that would entitle him or her to relief. See Haines v. Kerner, 404 U.S. 519, 520 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996). AFI argues that Plaintiff's "Complaint does not meet the most basic of pleading requirements." (Def.'s Br. at 3). Specifically, Defendant claims that Plaintiff pleads only "his 'belief' . . . that [D]efendant retaliated against him, without providing any basis for this unwarranted conclusion." Id. As such, Defendant asserts that without facts, Plaintiff has failed to plead a claim upon which relief can be granted.

Plaintiff's Title VII retaliation claim alleges that Defendant discriminated against him and when he complained about the discrimination, he was discharged. However, in order to establish a *prima facie* case for retaliation under Title VII, a plaintiff must allege that: "(1) [he or she] engaged in activity protected by Title VII, (2) the employer took an adverse employment action

against [him or her]; and (3) there was a causal connection between [his or her] participation in the protected activity and the adverse employment action." Moore v. City of Philadelphia, 461 F.3d 331, 340 (3d Cir. 2006) (quoting Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995)); 42 U.S.C. 2000e-5.

Since Iqbal, the tenet that a court must accept all allegations contained in a complaint as true is inapplicable to legal conclusions. 129 S.Ct. at 1949; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). It follows that, in order to state a viable claim, Plaintiff cannot just assert that Defendant discriminated against him, rather he must describe those actions taken by the Defendant that could constitute discrimination. See Mitchell v. Twp. of Pemberton, 2010 U.S. Dist. LEXIS 60038 at *20 (D.N.J. June 17, 2010) (granting Defendant's motion to dismiss because Plaintiff "cannot merely claim that a racial profiling policy or custom caused a constitutional violation, without a single fact . . ."); Carter v. NJ Transit, 2009 U.S. Dist. LEXIS 78679 at *8-9 (D.N.J. September 1, 2009) (dismissing Plaintiff's claim for failure "to allege the facts necessary to support Plaintiff's claim for racial discrimination that would entitle her to any relief" including a failure to allege that Defendant made derogatory comments or denied her requests based on her race).

Mr. Johnson has failed to provide sufficient facts to raise more than a possibility that Defendant has acted unlawfully, much less establish the *prima facie* elements of a claim for retaliation. Rather, Plaintiff's complaint asserts a series of unsupported legal conclusions for which he has provided no factual support. Without such factual content, Plaintiff has failed to state grounds upon which relief may be granted. See Iqbal, 129 S.Ct. At 1949 ("While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## B. Exhaustion of Administrative Remedies

Even assuming, *arguendo*, that Plaintiff's Complaint meets the pleading requirement of the Federal Rules of Civil Procedure, Plaintiff has failed to allege in his Complaint that he exhausted his administrative remedies. Section 2000e-5 requires an aggrieved party to file, within one hundred eighty (180) days of the alleged discriminatory practice, a charge with the EEOC and receive a right to sue letter before bringing an action against the respondent named in the charge.[3] 42 U.S.C. 2000e-5. A complainant may not bring a Title VII suit without first having received a right to sue letter, and suit must be filed within ninety (90) days of having received the letter. Id.; Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Thus, to survive a motion to dismiss, Plaintiff's complaint must allege that such requirements have been met.

Defendant seeks dismissal of Plaintiff's Complaint on the basis that Plaintiff has failed to plead that he filed a charge with the EEOC or that he received a right to sue from the agency.[4] Although Plaintiff did not plead exhaustion of administrative remedies in his Complaint, Plaintiff's Motion to Amend, which this Court construes as opposition to Defendant's Motion, asserts that Mr. Johnson did file a charge with the EEOC and received a right to sue letter.

---

[3] If the complainant also initiates a complaint with a parallel state agency, the period for filing the charge with the EEOC is extended to three hundred (300) days from the date of the alleged unlawful employment practice. 42 U.S.C. 2000e-5(e)(1).

[4] Defendant does not claim that Plaintiff did not, in actuality, exhaust his administrative remedies, only that he did not plead exhaustion in his Complaint.

However, it is well-settled that a complaint fails to state a claim upon which relief may be granted unless it asserts the satisfaction of the preconditions to suit required by the statute. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997); see Rennie v. Garrett III, 896 F.2d 1057 (7th Cir. 1990) (dismissing a Plaintiff's complaint after making a credibility determination that she had not met with an EEO counselor to discuss her retaliation claims). Thus, surviving a motion to dismiss a Title VII claim requires the plaintiff not only to exhaust his administrative remedies, but to affirmatively plead that he has done so in his complaint. 42 U.S.C. 2000e-5. Because Plaintiff has failed to plead exhaustion in his complaint, this Court dismisses his claim without prejudice.

### C. Leave to Amend

Although this Court treats the substance of Plaintiff's Motion to Amend as opposition to Defendant's Motion to Dismiss, Plaintiff's application to amend his complaint will not go unanswered. In light of Plaintiff's *pro se* status, Plaintiff is hereby granted leave to amend his complaint to cure the pleading deficiencies. In doing so, Plaintiff should be guided by the following directives:

1. A well-pleaded complaint requires factual support for its assertions. Plaintiff should describe, in detail, those actions by the Defendant that he believes supports his claim that Defendant discriminated against him and that he was fired for complaining about the discriminatory treatment.

2. Plaintiff must fully exhaust his administrative remedies before pursuing litigation in this court, or in any other court or jurisdiction. If Plaintiff has in fact exhausted his administrative remedies, he must adhere to the pleading requirements of

Title VII and assert in his amended complaint that he has exhausted his administrative remedies.

3. With respect to filing any new submissions, Plaintiff is advised to be cognizant of the strict filing deadlines delineated in Title VII, the Federal Rules of Civil Procedure, and the Local Rules.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. These claims are dismissed without prejudice to Plaintiff to file an amended complaint that conforms to the guidelines of this opinion. An appropriate order follows.

DATED 5th of November, 2010

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE